UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| Irvin Campbell, | Civ. Action #: |
| | Complaint |
| Plaintiff, | |
| -v- | Date Filed: |
| Doodyman To The Rescue, Inc., | Jury Trial Demanded |
| Defendant. | |

Plaintiff Irvin Campbell, ("plaintiff" or "Campbell"), by Abdul K. Hassan, Esq., his attorney, complaining of the defendant, respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 216 (b), that he is: (i) entitled to unpaid wages from Defendant for overtime work for which she did not receive overtime premium pay, and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including § 216(b)

2. Plaintiff further complains, that he is: (i) entitled to unpaid wages from defendant for overtime worked for which he did not receive any premium pay; and (ii) is entitled to liquidated damages and attorneys fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., and the regulations thereunder including 12 NYCRR § 142-2.2.

3. Plaintiff is also entitled to recover her unpaid wages under Article 6 of the New York Labor Law including Section 191 and is entitled to liquidated damages/penalties and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Standards Act

1                                              1

Case 2:12-cv-03440-JS-ARL   Document 1   Filed 07/11/12   Page 2 of 6 PageID #: 2

pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202.

7. Plaintiff is an adult, over eighteen years old, who currently resides in Queens County, New York.

8. Upon information and belief, Doodyman To The Rescue, Inc., ("defendant" or "Doodyman") is a domestic for profit corporation organized and existing under the laws of the State of New York.

9. Upon information and belief, defendant Doodyman operates a place of business at 593 Hempstead Turnpike, New York, 11003.

10. All times applicable or relevant herein as to the FLSA overtime claim refers to <u>at least</u> the two-year and three-year period preceding the filing of this complaint but this period may be longer.

11. All times applicable or relevant herein as to the NYLL overtime claim refers to <u>at least</u> the six-year period preceding the filing of this complaint but this period may be longer.

12. Upon information and belief and at all times applicable herein, Defendant did not display the required FLSA and NYLL posters of employee wage and overtime rights as was required by the FSLA and NYLL and the regulations thereunder.

13. The relevant and applicable times will be refined as is necessary, including after discovery if necessary.

14. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## STATEMENT OF FACTS

15. Upon information and belief, defendant Doodyman is engaged in the business of providing sewer and plumbing services to the public.

16. Upon information and belief, and at all times relevant herein, defendant Doodyman is a division of Anytime Sewer & Drain Inc. which operates in several states.

17. Plaintiff was employed by defendant for about five months ending on or about June 25, 2012.

18. At all times relevant herein, plaintiff was employed by defendant as an hourly employee and paid on an hourly basis.

19. At all relevant times herein, plaintiff performed manual work for defendant – helping defendant in doing its sewer and plumbing work.

20. Throughout his employment with defendant, and at all times relevant herein, plaintiff worked more than forty (40) hours in a week for defendant in some or all weeks, but was not paid at a rate of at least 1.5 times hr regular rate for <u>each</u> and all hours worked in excess of forty hours in a week.

21. At all times relevant herein, defendant failed and willfully failed to pay plaintiff an overtime rate of 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours a week.

## AS AND FOR A FIRST CAUSE OF ACTION – Unpaid Overtime
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.

22. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 21 above as if set forth fully and at length herein.

23. At all times relevant herein, plaintiff was employed by defendant within the meaning of the FLSA - 29 U.S.C § 201 et Seq.

24. At all times relevant herein, plaintiff was engaged in commerce and/or in the production of goods for commerce and/or defendant constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. § 207(a).

25. At all times relevant herein, Defendant, upon information and belief, transacted commerce and business in excess of $500,000.00 annually or had revenues or expenditures in excess of $500,000.00 annually.

26. **At all times relevant herein, defendant <u>failed</u> and <u>willfully failed</u> to pay plaintiff overtime wages at rates of at least 1.5 times his regular rate of pay for each and all hours he worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207, 216(b).**

### Relief Demanded

27. Due to defendant's FLSA violations, plaintiff is entitled to recover from defendant his unpaid overtime compensation, an additional equal amount as liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION – Unpaid Overtime
## NEW YORK MINIMUM WAGE ACT NYLL 650 et Seq.

28. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 26 above as if set forth fully and at length herein.

29. At all times relevant to this action, plaintiff was employed by defendant, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

30. **At all times relevant to this action, defendant failed and willfully failed to pay plaintiff overtime wage at rates of at least 1.5 times his regular rate of pay for each and all hours he worked in excess of forty hours in a week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.**

### Relief Demanded

31. Due to defendant's New York Labor Law violations, plaintiff is entitled to recover from defendant, his unpaid overtime wages, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
## NEW YORK LABOR LAW § 190, 191 and 198

32. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 31 with the same force and effect as if fully set forth at length herein.

33. At all times relevant to this action, plaintiff was employed by defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191 and 198 and the applicable regulations thereunder.

34. Defendant violated and willfully violated plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191 and 198 by failing to pay plaintiff all his wages (including his overtime wages under the FLSA and NYMWA), as required by and within the time specified in NY Labor Law § 190 et seq. specifically including NY Labor Law § 191.

### Relief Demanded

35. Due to defendant's New York Labor Law Article 6 violations including violation of NYLL 191, plaintiff is entitled to recover from defendant, his entire unpaid overtime compensation, plus maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

36. Declare Defendant (including its overtime and wage payment policy and practice) to be in violation of the rights of plaintiff, under the FLSA and New York Labor Law – 12 NYCRR § 142, and Article 6 of the NYLL – NYLL § 190 et Seq.

37. As to the **First Cause of Action**, award plaintiff, his unpaid overtime wages due under the

FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

38. As to the **Second Cause of Action**, award plaintiff, his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

39. As to the **Third Cause of Action**, award plaintiff, any and all outstanding wages, including overtime wages, maximum liquidated damages and prejudgment interest on all wages paid late, plus costs, disbursements and attorney's fees pursuant to NYLL § 198.;

40. Award plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

41. Award plaintiff such other, further and different relief as the Court deems just and proper.

Dated: Queens Village, New York
       July 11, 2012

Respectfully submitted,

*Abdul Hassan*

Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: (718) 740-1000
Counsel for Plaintiff