UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
IRVIN CAMPBELL,

                PLAINTIFF,

-AGAINST-

DOODYMAN TO THE RESCUE, INC.,

                DEFENDANT.
------------------------------------------------------------x

12-CV-3440 (JS)(ARL)

**ANSWER**

      Defendant DOODYMAN TO THE RESCUE, INC. [hereinafter referred to as "DEFENDANT"], by and through its attorneys, Forchelli, Curto, Deegan, Schwartz, Mineo & Terrana, LLP, do hereby answer the plaintiff's [hereinafter referred to as "PLAINTIFF"], complaint as follows:

1. Defendant denies the allegations contained in Paragraph 1.

2. Defendant denies the allegations contained in Paragraph 2.

3. Defendant denies the allegations contained in Paragraph 3.

4. Defendant denies the allegations contained in Paragraph 4.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6. Defendant denies the allegations contained in Paragraph 6.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8. Defendant admits the allegations contained in Paragraph 8.

1

9. Defendant denies the allegations contained in Paragraph 9.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12. Defendant denies the allegations contained in Paragraph12.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15. Defendant admits the allegations contained in Paragraph 15.

16. Defendant admits the allegations contained in Paragraph 16.

17. Defendant denies the allegations contained in Paragraph 17.

18. Defendant admits the allegations contained in Paragraph 18.

19. Defendant denies the allegations contained in Paragraph 19.

20. Defendant denies the allegations contained in Paragraph 20.

21. Defendant denies the allegations contained in Paragraph 21.

22. Defendant repeats and reiterates each and every response to the allegations set forth in Paragraphs 1 through 21 of the Complaint as if more fully set forth herein at length.

23. Defendant denies the allegations contained in Paragraph 23.

24. Defendant denies the allegations contained in Paragraph 24.

25. Defendant denies the allegations contained in Paragraph 25.

26. Defendant denies the allegations contained in Paragraph 26.

27. Defendant denies the allegations contained in Paragraph 27.

28. Defendant repeats and reiterates each and every response to the allegations set forth in Paragraphs 1 through 27 of the Complaint as if more fully set forth herein at length.

29. Defendant denies the allegations contained in Paragraph 29.

30. Defendant denies the allegations contained in Paragraph 30.

31. Defendant denies the allegations contained in Paragraph 31.

32. Defendant repeats and reiterates each and every response to the allegations set forth in Paragraphs 1 through 31 of the Complaint as if more fully set forth herein at length.

33. Defendant denies the allegations contained in Paragraph 33.

34. Defendant denies the allegations contained in Paragraph 34.

35. Defendant denies the allegations contained in Paragraph 35.

36. Defendant denies the allegations contained in Paragraph 36.

37. Defendant denies the allegations contained in Paragraph 37.

38. Defendant denies the allegations contained in Paragraph 38.

39. Defendant denies the allegations contained in Paragraph 39.

40. Defendant denies the allegations contained in Paragraph 40.

41. Defendant denies the allegations contained in Paragraph 41.

## Affirmative Defenses

### First Affirmative Defense

42. Plaintiff fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

43. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### Third Affirmative Defense

44. Plaintiff is exempt from the overtime provisions of the FLSA.

### Fourth Affirmative Defense

45. With respect to all matters alleged in the Complaint, Defendant has at all times acted in good faith, has not acted willfully, has acted in conformity with and in reliance upon the applicable administrative regulations, orders, rulings, and interpretations concerning the FLSA and the NYLL, and has acted with reasonable grounds to believe its actions were in conformity with the statutes.

### Fifth Affirmative Defense

46. Plaintiff is not entitled to any requested relief as he forfeited his right to relief under the doctrine of unclean hands.

### Sixth Affirmative Defense

47. Plaintiff fails to state a proper party defendant.

### **Seventh Affirmative Defense**

48.  Defendant presently has insufficient knowledge or information upon which it can form a belief as to whether it may have additional, as yet unknown and unstated, affirmative defenses. Defendant reserves the right to amend its answer to assert such additional affirmative defenses in the event that discovery reveals that additional defenses are appropriate.

**WHEREFORE,** Defendant requests judgment as follows: (a) that Plaintiff's case be dismissed in its entirety; (b) that judgment be entered in favor of Defendant; (c) that Defendant be awarded attorneys' fees for the defense of the within action, with interest, costs and disbursements; and (d) such other and further relief as this Court may deem just and proper.

Dated:  August 27, 2012
        Uniondale, New York

        Respectfully submitted,

        FORCHELLI, CURTO, DEEGAN, SCHWARTZ,
        MINEO & TERRANA, LLP

        By: _____
            Gregory S. Lisi, Esq.
        *Attorneys for Defendant*
        The Omni
        333 Earle Ovington Boulevard
        Suite 1010
        Uniondale, New York 11553
        516-741-1700
        glisi@forchellilaw.com

To: Abdul K. Hassan, Esq.
*Attorney for Plaintiff*
215-28 Hillside Avenue
Queens Village, New York 11427
718-740-1000
abdul@abdulhassan.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
IRVIN CAMPBELL,

                PLAINTIFF,

-AGAINST-

DOODYMAN TO THE RESCUE, INC.,

                DEFENDANT.
------------------------------------------------------------x

12-CV-3440 (JS)(ARL)

**ANSWER**

## VERIFICATION

STATE OF NEW YORK }
                      } ss:
COUNTY OF NASSAU }

DEREK HENNESSEY, being duly sworn, deposes and says:

1. My corporation is the defendant in the above referenced matter and my business address is 593 Hempstead Turnpike, Elmont, New York 11003.

2. I have read the foregoing Answer and know the contents thereof. The same is true to my own knowledge, except as to the matters stated therein to be alleged upon information and belief, and as to those matters I believe them to be true.

                                        _____
                                        DEREK HENNESSEY

Sworn to before me this
27th day of August, 2012.

_____
Notary Public

SUSAN J. DEITH
Notary Public, State of New York
No. 02DE6230704
Qualified in New York County
Commission Expires November 8, 20 14